IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY G.A. KERNS,

        Plaintiff,

v.                                            No. 16cv1258 MV/KK

UNIVERSITY OF NEW MEXICO,

        Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 17, 2016 ("Application"), on her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 17, 2016 ("Complaint"), and on her Motion in Action, Doc. 5, filed December 21, 2016 ("Motion to Add Parties").  For the reasons stated below, the Court will **GRANT** Plaintiff's Application, **DISMISS** Plaintiff's Complaint **without prejudice**, and **DENY** Plaintiff's Motion to Add Parties as moot.  Plaintiff shall have 21 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is

frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and provided the following information: (i) her average monthly income during the past 12 months was $333.00 and her income amount expected next month is $0.00; (ii) she owns no assets; (iii) her monthly expenses are $0.00; and (iv) she has no cash and has $12.00 in a bank account. Because of her low monthly income during the past year with no income expected next month, the Court finds that Plaintiff is unable to prepay the fees to initiate this action.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is

proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff filed her Complaint using a form Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and alleges the following. Plaintiff was a student at the University of New Mexico and:

> By the end of January 2015, I had unexpected events that happened in my personal life . . . I went to the Dean of Students office and asked what I could do to get the semester off, and I would return in the fall. I went through all the proper channels at the school to make sure that I was doing the right thing for all my scholarships, financial aid, and my credits. The University gave wrong information to their policies and the law involving the Financial Aid office, the Bursar office, and the Dean of Students office.

Complaint at 3. Plaintiff later received an unexpected bill from the University of New Mexico for

3

over $3,000.00.   The allegations in the Complaint suggest that University of New Mexico will not release Plaintiff's transcript until she pays the bill.   Plaintiff states: "I am trying to attempt to sue the University of New Mexico for discrimination of having a learning disability."   Complaint at 3.

Plaintiff does not cite the statutory basis for her suit.   Construing her Complaint liberally, it appears she may be making a claim pursuant to the Americans with Disabilities Act and/or the Rehabilitation Act.

> "Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation." *Colorado Cross Disability Coalition v. Hermanson Family Ltd. P'ship I,* 264 F.3d 999, 1001 (10th Cir.2001). "Discrimination under Title III specifically includes the failure to make reasonable modifications in policies, practices, or procedure to accommodate a disabled individual, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the services." *Mershon v. St. Louis Univ.,* 442 F.3d 1069, 1076 (8th Cir.2006) (citing 42 U.S.C. § 12182(b)(2)(A)(ii)). "Likewise, the Rehabilitation Act requires reasonable accommodations when an 'otherwise qualified' disabled student would otherwise be denied meaningful access to a university." *Id.* (internal quotation marks and citation omitted). Neither Title III of the ADA nor the Rehabilitation Act require a graduate school to admit "a disabled student who cannot, with reasonable accommodations, otherwise meet the academic standards of the program." *Id.*
>
> > Thus, in the higher education context, a person alleging a failure to accommodate under Title III or the Rehabilitation Act must show (1) that the plaintiff is disabled and otherwise qualified academically, (2) that the defendant is a private entity that owns, leases or operates a place of public accommodation (for ADA purposes) and receives federal funding (for Rehabilitation Act purposes), and (3) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation[.]
>
> *Id.* (internal quotation marks omitted).

*Doe v. Oklahoma City University*, 406 Fed.Appx. 248, 250 (10th Cir. 2010); *Buhendwa v. Univ. of Colorado at Boulder*, 214 Fed.Appx. 823, 827 (10th Cir. 2007) ("To establish a cause of action

4

under the Rehabilitation act, a plaintiff must show (1) that he [or she] is a handicapped individual under the Act, (2) that he [or she] is otherwise qualified for the [benefit] sought, (3) that he [or she] was [discriminated against] solely by reason of his [or her] handicap, and (4) that the program or activity in question receives federal financial assistance").

The Court will dismiss the Complaint without prejudice for failure to state a claim for the following reasons.  Plaintiff alleges that employees of the University of New Mexico gave her incorrect information regarding their policies and financial aid laws which, consequently, resulted in her receiving a bill from the University of New Mexico.  The University of New Mexico will not release Plaintiff's transcript until she pays the bill.  Although Plaintiff asserts she is suing the University of New Mexico "for discrimination of having a learning disability," she has not alleged that she is disabled under the ADA or the Rehabilitation Act.  Nor has she alleged that the University of New Mexico, in providing her with information regarding financial aid and withholding her transcripts until she pays her bill, failed to make reasonable modifications that would accommodate her disability or that the University of New Mexico discriminated against her solely by reason of her handicap.

Plaintiff may file an amended complaint within 21 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Motion to Add Parties**

Plaintiff filed a Motion to Add Parties to her Complaint.  *See* Doc. 5.  The Court will deny the Motion to Add Parties as moot because it is dismissing Plaintiff's Complaint without prejudice and granting Plaintiff leave to file an amended complaint.  Plaintiff may include the new parties in her amended complaint.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 17, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 17, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Action, Doc. 5, filed December 21, 2016 ("Motion to Add Parties"), is **DENIED as moot.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**